IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

1937 PACKARD SUPER 8, VIN 1063203; 1938 PEUGEOT 402BL ECLIPSE DECAPOTABLE, VIN 272535; VP BUGATTI, SERIAL NO. 57477; 1962 MERCEDES 220SE CABRIOLET, VIN 11102310030407; 1970 MERCEDES, VIN 1102612001226; 1949 LINCOLN, VIN 9EH56861; 1959 LINCOLN, VIN H9YC420934; 1966 AMC, VIN A6BA75Q102707; $5,504,017.57 in UNITED STATES CURRENCY FROM CHARLES SCHWAB ACCOUNT ENDING IN NO. 4213; and $1,211,696.12 in UNITED STATES CURRENCY FROM WELLS FARGO ACCOUNT ENDING IN NO. 7465,

    Defendants.

No. C 11-05603 WHA

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

**INTRODUCTION**

    In this *in rem* forfeiture action, plaintiff United States moves for default judgment against the following defendants: (1) 1937 Packard Super 8, VIN 1063203; (2) 1938 Peugeot 402BL Eclipse Decapotable, VIN 272535; (3) VP Bugatti, Serial No. 57477; (4) 1962 Mercedes 220SE Cabriolet, VIN 11102310030407; (5) 1970 Mercedes, VIN 1102612001226; (6) 1949 Lincoln, VIN 9EH56861; (7) 1959 Lincoln, VIN H9YC420934; (8) 1966 AMC, VIN A6BA75Q102707; (9) $5,504,017.57 from Charles Schwab account ending in 4213; and (10) $1,211,696.12 from

Wells Fargo account ending in 7465, pursuant to 18 U.S.C. 981(a)(1)(A). The government's motion follows an entry of default by the clerk on February 22, 2012. To date, no claims or answers have been filed in this action by any claimants. No opposition has been filed to the instant motion. For the reasons set forth below, the government's motion is **GRANTED**.

## STATEMENT

Rusal Global Management B.V. is a company registered in the Netherlands which owns and exercises control over Rypotus Limited, a Cypress company. Leigh Sprague is an American citizen who was employed by Rusal. At no time was Mr. Sprague authorized to handle matters related to Rypotus or investments made by Rypotus. In July 2008, Rypotus entered into a written agreement with Goldman Sachs International by which Goldman would handle investments by Rypotus in another company — JSC MMC Norilsk Nickel Company. The agreement authorized Rypotus to liquidate portions of its investment by providing written requests to Goldman. After any such request, Goldman would thereby pay Rypotus the liquidated sum by depositing the funds into an account designated by Rypotus.

In August 2010, Mr. Sprague, without authority, exercised Rypotus's liquidation rights. Specifically, Mr. Sprague fraudulently obtained signatures of the directors of Rypotus authorizing the liquidation of $10,000,000 in United States currency which was to be deposited into an account held by NN International Holdings Limited. Documents reflect that Mr. Sprague was the sole shareholder of NNIH.

Approximately $1,331,110.52 of that money was subsequently transferred to a Wells Fargo account ending in number 7465 located in Malibu, California. The account was held in the name of Mr. Sprague's wife at the time, Ekaterina Nadirova. Defendant $1,211,696.12 was seized from that account. An additional $5,500,000 of the $10,000,000 was transferred to a Charles Schwab account ending in number 4213 located in San Francisco, California. The account was held in the name of both Mr. Sprague and Ms. Nadirova. Defendant $5,504,017.57 was subsequently seized from that account. In addition to the funds seized, the eight defendant vehicles named herein were also seized as purchases traceable to the

funds held in the NNIH account. All property was traced by a certified public accountant hired by Rypotus (Compl. ¶¶ 18–48).

This *in rem* forfeiture action was commenced on November 18, 2011 (Dkt. No. 1). In its verified complaint, the government alleged that defendant currency and vehicles seized are subject to forfeiture pursuant to 18 U.S.C. 981(a)(1)(A) as property, personal or real, traceable to transactions in violation of 18 U.S.C. 1956(a)(2)(B)(i), which prohibits the laundering of monetary instruments in an attempt to conceal funds obtained through unlawful means. Arrest warrants *in rem* for defendant currency and vehicles were immediately issued by the clerk following the filing of the complaint (Dkt. Nos. 3–4). Two potential claimants of defendant currency and vehicles have been identified by the government: (1) Leigh Sprague, and (2) Ekatarina Nadirova.

The government provided direct notice and notice by publication of this action. Specifically, the government sent the Complaint for Forfeiture and related documents to Mr. Sprague at a number of addresses (Br. 6 fn. 2). At the hearing, government counsel stated that personal service of notice had not been accomplished due to a failure to locate the identified claimants, however, on January 11, 2012, Mr. Sprague acknowledged by two emails that he had received actual notice, and that he intended to enter into a settlement agreement with Rypotus by which he agreed not to file a claim in the instant action. In addition, counsel for Rypotus has supplied a declaration by Mr. Sprague stating the same (Dkt. No. 15 at Exh. 3, Sprague Decl. ¶¶ 1–3). Ms. Nadirova, through counsel, also acknowledged receipt of notice (*id.* at Exh. 4 at 1). Counsel for Rypotus has stated that Ms. Nadirova has agreed not to file a claim (*id.* at Exh. 2, Martin Decl. ¶ 9). Notice was also published on an official government internet site for at least thirty consecutive days, beginning on November 22, 2011, as required under FRCP Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Dkt. No. 8). No party has appeared in response to the publication. Notice of the instant motion was provided as well (Dkt. No. 19). Under the local rules of this district, opposition briefs were due on March 7, 2012. None have been filed. At the March 29 hearing, no claimant appeared.

## ANALYSIS

FRCP 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Our court of appeals requires a district court to consider several factors in exercising its discretion to award default judgment including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

### 1. PROCEDURAL COMPLIANCE WITH CIVIL FORFEITURE RULES.

Any property subject to forfeiture to the United States may be seized in the manner set forth in 18 U.S.C. 981(b). Under 18 U.S.C. 981(b)(2)(A), a seizure may be made without a warrant if "a complaint for forfeiture has been filed in the United States district court and the court issued an arrest warrant in rem pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims[.]" According to FRCP Supp. AMC, the government must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that the government will be able to meet its burden of proof at trial. FRCP Supp. AMC G(2)(a)–(f). The clerk must then issue a warrant to arrest the property if it is in the government's possession, custody, or control. FRCP Supp. AMC G(3)(b)(i). "[T]he court — on finding probable cause — must issue a warrant to arrest the property if it is not in the government's possession, custody, or control and is not subject to a judicial restraining order[.]" FRCP Supp. AMC G(3)(b)(ii).

Here, the government properly filed a verified complaint for forfeiture in the United States District Court for the Northern District of California and the clerk immediately issued

arrest warrants *in rem* to seize the defendant currency and vehicles (Dkt. Nos. 1–3). The government properly set forth in sufficient factual detail the grounds for jurisdiction and venue, a description of the property being forfeited, and the exact federal statutes under which the forfeiture action has been brought (Compl. ¶¶ 1–17). The alleged facts support a reasonable belief that the government will meet its burden of proof at trial. Furthermore, the identified potentially interested parties have indicated that they will not being filing a claim. Accordingly, the seizure was proper under the governing rules.

With respect to providing procedurally sufficient notice to potential claimants, FRCP Supp. AMC requires the government to publish notice of the action which, among other requirements, must state the time to file a claim and answer. FRCP Supp. AMC G(4)(a)(ii)(B). In addition to sending direct notice of the pending forfeiture action to any person who reasonably appears to be a potential claimant, the government may also provide notice by publication through posting a notice on an official government forfeiture website for at least thirty consecutive days. FRCP Supp. AMC G(4)(a)(iv)(C), (4)(b)(i). As detailed herein, the government has done both.

Finally, the Admiralty Local Rules of this district also govern *in rem* forfeiture actions. *See* Admir. L.R. 1-2. Under these local rules, a party seeking a default judgment in an action *in rem* must make the following two showings: (1) notice of the action and arrest of property has been given as required by Admiralty Local Rule 6-1(a)(1) and (b)(1), and (2) no one has filed timely and responsive pleadings. Admir. L.R. 6-2(a). As detailed herein, proper notice was given by both publication and by providing direct notice to all known potential claimants. This notice provided all potential claimants of defendant currency and vehicles with the applicable deadlines to submit verified claims — specifically, any person or entity having an interest in the defendant currency and vehicles was required to file a verified claim or statement no later than 35 days after service of the complaint or within thirty days of the last date of publication of notice. No claims have been filed, and as noted, the two identified interested parties have expressed no intent to do so. Default was therefore properly entered on February 22, 2012, and the entry of default judgment is now appropriate under the Admiralty Local Rules.

In sum, this order finds that the government has properly complied with all of the procedural requirements set forth by federal statute, FRCP Supp. AMC, and the Admiralty Local Rules governing this forfeiture action.

### 2. THE *EITEL* FACTORS.

In light of the above discussion and the factual allegations set forth in the government's verified complaint, the *Eitel* factors, with one exception, weigh in favor of granting the government's motion. *First*, a denial of default judgment would prejudice the government in that it would be required to expend further time and effort in an action where the only identified claimants have indicated no intent to pursue claims. *Second*, the government's claims have substantial merit, are unopposed, and as previously discussed, all procedural requirements — including the filing of a sufficiently pled verified complaint — have been met. *Third*, there is no evidence that excusable neglect is to blame for the absence of any claimants. To restate, both identified claimants have indicated no intent to file claims, and no claimants appeared in response to the notice by publication. *Fourth*, there is no genuine dispute as to any material fact. Without commenting on the identified claimants' reasoning, this order finds it persuasive that both have declined to file claims in this proceeding. *Fifth*, although it is always preferable to decide a case on its merits, when no party has appeared to oppose an action (as is the case here), reaching a decision on the merits is an impractical, if not impossible, task. *Finally*, the one factor which does weigh against the grant of default is the amount of defendant currency and value of defendant vehicles. The sum is substantial. At issue is approximately 6.7 million dollars in United States currency and eight vehicles with unknown value. At the hearing, the government stated that it hoped to receive one million dollars from the sale of the vehicles. Combined, this amount dwarfs the 2.9 million dollars at issue in *Eitel*, however, both claimants have indicated no desire to contest the forfeiture of the defendant currency or vehicles. Based on these circumstances, this order will not deny entry of default based on this factor alone.

For these reasons, the *Eitel* factors support granting the government's motion.

**CONCLUSION**

For the foregoing reasons, the government's motion for default judgment is **GRANTED**. Defendants (1) 1937 Packard Super 8, VIN 1063203; (2) 1938 Peugeot 402BL Eclipse Decapotable, VIN 272535; (3) VP Bugatti, Serial No. 57477; (4) 1962 Mercedes 220SE Cabriolet, VIN 11102310030407; (5) 1970 Mercedes, VIN 1102612001226; (6) 1949 Lincoln, VIN 9EH56861; (7) 1959 Lincoln, VIN H9YC420934; (8) 1966 AMC, VIN A6BA75Q102707; (9) $5,504,017.57 in United States currency from Charles Schwab account ending in 4213; and (10) $1,211,696.12 in United States currency from Wells Fargo account ending in 7465, are hereby condemned and forfeited to the United States, pursuant to 18 U.S.C. 981(a)(1)(A). All right, title and interest in said property is vested in the United States of America. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: March 29, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE